McCALEB, Justice
(dissenting).
I think the construction placed on Article 542 of the Code of Criminal Procedure (R.S. 15:542) by the majority, that the appellant in a criminal case has never more than one day after the judge acts on the bills of exceptions within which to appeal, is in discord with the unequivocal provisions of the statute. The statute, which is quoted in full in the main opinion, plainly provides that, if the judge has not acted on the bills before the expiration of the last day upon which an order of appeal can be entered, “ * * * the accused shall be granted an additional delay to appeal of one day for every day after the tenth day the judge fails to act finally upon the bills of exception tendered him for signature”.
It will be noted that the law grants to the accused an additional delay, spelling out that such delay will be one day for every day after the tenth day. It does not declare, as resolved by the majority, that the delay is only a one day delay after the judge acts. I reiterate, the law gives the accused one additional day to appeal for every day that the judge does not act. And, in computing the number of days of additional time to which an accused is entitled in a case where the judge has not acted within the ten judicial day period, it seems obvious to me that it was not intended that the days following the tenth day deadline should be charged against the accused in the computation because, during the time in which the judge holds the bills under advisement, *877 the accused cannot exercise his right of appeal. Thus, in the instant case, where the judge did not act on the bills for a period of 93 days following the tenth day, the defendant had 93 days after the judge acted within which to take his appeal, if he is going to be given the additional delay accorded by the statute, i. e., one day for each day the judge failed to act. Otherwise, he never is given but one day after the judge signs the bills within which to appeal. If such was the intention of the Legislature, it would have been very easy to accordingly provide.
Nor do I believe that, in computing the delay, judicial days are to be considered except as to the specified ten judicial day period following sentence provided for as the initial delay for taking an appeal. The law grants an additional delay "of one day for every day after the tenth day the judge fails to act”. It does not say one judicial day and, in my view, should not be interpreted as meaning a judicial day, for the judge can act on any day he sees fit whether it be a judicial day or not. Hence, if the accused is to be given the delay the law grants him, he should be given an equal number of days (not judicial days) corresponding with the delay caused by the failure of the judge to act, within which to appeal.
£ respectfully dissent.